IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RONNIE JOHNSON                                                                                          PETITIONER

v.                                        NO. 5:17-cv-00015 BSM/PSH

WENDY KELLEY, Director of the                                                                RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

STATE COURT PROCEEDINGS. The record reflects that petitioner Ronnie Johnson ("Johnson") pleaded guilty in Pulaski County Circuit Court to two counts of robbery. The first count arose from his involvement in a robbery at a Shell station; the second count arose from his involvement in a robbery at an E-Z Mart. He was sentenced as an habitual offender to the custody of respondent Wendy Kelley ("Kelley").

Johnson next filed a petition in Pulaski County Circuit Court that included a request for the issuance of a writ of error coram nobis. In the petition, he alleged the following:

> … The Petitioner, … by being induced, mislead, misguided, and misinformed by his own counsel, plead "guilty?" to the criminal offenses, with his own counsel, <u>not</u> putting up a defense and <u>not</u> making any effort to test the State's case. Because retained counsel did <u>not</u> obtain the video surveillance camera of the alleged Robbery(ies) from where such occurred, despite the fact that the petitioner had diligently requested attorney, <u>Rickey Hicks</u>, who represented the petitioner, such was to no avail and this consisted of withholding evidence from the petitioner, who, because of having no other avenues or remedies, entered induced pleas, which amounted to illegal confinement and illegal conviction(s), sentence(s).

See Docket Entry 11, Exhibit 4 at CM/ECF 73 (emphasis in original). The petition was denied, and Johnson appealed. During the course of the appeal, he filed a motion for transcribed record and for extension of time to file a brief. The Arkansas Supreme Court used the occasion of reviewing his motion to review the merits of his appeal. The court found no cause for reversing or disturbing the lower court's decision and dismissed the appeal. See Johnson v. State, 2016 Ark. 329, 499 S.W.3d 641 (2016).

FEDERAL COURT PROCEEDINGS. Johnson began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 and joining Kelley. In the petition, Johnson advanced the following claims for relief:

> Evidence withheld by Prosecutor – 14th Amendment Violation. … In both instances or supposed robberies there was a videotape of each incident. After obtaining private counsel, Mr. Ricky Hicks, twice I sent him affidavit[s] asking him to withdraw my plea and to please look at the videotapes of each incident and he would see that no robbery by Statute occurred. … He never looked at them and only reason that is possible is that the prosecution had never provided them to him in the first place. Being that the two businesses that were involved, EZ Mart and Shell Station, a videotape is in play at all times and any competent attorney would need to review them. Also on September 22, 2015, Petitioner sent an affidavit to Judge Barry Sims asking him to withdraw my plea because I knew the videotapes would show that I was innocent of robbery. Again on October 25, 2015, I sent another affidavit to Judge Sims asking that he relieve Mr. Ricky Hicks as my counsel of record because he had not viewed the videotapes or tried to get them from the prosecutor. Judge Sims would not let me obtain new counsel and the videotapes were never seen by my attorney. …
>
> …
>
> Ineffective Assistance of Counsel – 6th Amendment Violation. … Mr. Hicks continually refused my request to review the evidence and look at the videotapes of the alleged crimes. … In both robbery cases, … Petitioner has maintained were simply misdemeanor shoplifting cases … I also had ask[ed] him to withdraw my plea and he never answered. In the Shell Station video, the cashier that was working … told investigators that I had struck him and he struck back. The videotape will clearly show that there was never any blows struck and that I simply walked out of the store with two (2) packs of cigarettes. The videotape from the EZ Mart will clearly show that the security guard approached Petitioner and sprayed him with mace causing him to fall to the floor and then letting Petitioner get up and exit the store. There wasn't even a shoplifting attempt at this time … The facts of this case that must be addressed is the lack of representation by Mr. Hicks and his complete denial to even investigate either case nor explore any opportunities other than to encourage a guilty … plea to something that in fact wasn't even a felony. …
>
> …

> After so many court appearances back and forth from prison with the pressure presented to me by my Attorney, the prosecution, and the judge not allowing me to withdraw my plea, Petitioner became disillusioned and allowed the coercion to take place. Mr. Hicks had also told me that Judge Sims would most likely not give me more than fifteen (15) years and that was the push that sent me over the edge to just go ahead and get it over with. …

See Docket Entry 2 at CM/ECF 3-5.

Kelley filed a response to Johnson's petition and asked that it be dismissed. Kelley so maintained for the following reasons:

1) "Johnson's ineffective counsel claims are waived by his guilty plea," see Docket Entry 11 at CM/ECF 3;

2) "[his] claim that the prosecutor withheld evidence is defaulted and meritless," see Docket Entry 11 at CM/ECF 3; and

3) "[his] claim that he pled guilty because he was told he would receive a fifteen year sentence is belied by the record," see Docket Entry 11 at CM/ECF 5.[1]

Johnson thereafter filed a reply to Kelley's response. In the reply, Johnson maintained, in part, the following:

> … Respondent's claim that ineffective assistance of counsel is waived by guilty plea does not take into account the Strickland test that is so apparent here. Notwithstanding the multiple attempts to try and withdraw the guilty plea to no avail.
>
> In the Error Coram Nobis in the #4, it says videotapes of robberies, not robbery. The EZ Mart videotape was singled out but both were mentioned thus rendering moot the point that the Shell Station robbery was not addressed.

---

[1] In a footnote, Kelley offered the following observation: "Respondent does not mean to confirm by anything in this written response that videotapes of either robbery actually existed at the time of the crimes or exist today. It does not matter, however, because ... Johnson's claims are meritless even assuming the existence of the videotapes." See Docket Entry 11 at CM/ECF 2 n.1.

> Petitioner never alleged that Mr. Hicks promised him that he would receive fifteen years but Mr. Hicks did tell Petitioner that he would most likely not receive more than fifteen years. Mr. Hicks in his own words to the Judge asked for five years because of the obvious differences in the crime of robbery and misdemeanor shoplifting. By his own admission in open court, Mr. Hicks informed the Judge that the Petitioner was not legally guilty of robbery charges but had allowed him to plead so. The two attempts to withdraw his plea and two attempts to Mr. Hicks to change his plea and have him removed as counsel in itself suggest petitioner's state of mind and Mr. Hicks['] mistakes at failing the Strickland test which brought this to this point.

See Docket Entry 13 at CM/ECF 1-2.

ANALYSIS. The undersigned has thoroughly reviewed the parties' pleadings and exhibits. As a part of doing so, the undersigned has given a more liberal construction to Johnson's petition than did Kelley and finds that Johnson has alleged four claims for relief. The claims are as follows:

1) the prosecution withheld exculpatory evidence when videotapes of the EZ Mart and Shell station robberies were not provided to the defense prior to Johnson's guilty plea;

2) Johnson's trial attorney was ineffective because counsel failed to review videotapes of the two robberies, because counsel failed to move to withdraw Johnson's guilty plea on the ground that the videotapes exonerated him, and because counsel coerced Johnson into pleading guilty, suggesting that Johnson would "most likely not receive more than a fifteen year sentence," see Docket Entry 13 at CM/ECF 2;

3) the state trial court judge committed error when he refused to allow Johnson to obtain new counsel and denied Johnson's request to withdraw his guilty plea; and

4) Johnson is actually innocent because his conduct at the Shell station and EZ Mart did not constitute robbery but instead constituted misdemeanor shoplifting.

Having reviewed the parties' pleadings and exhibits, the undersigned finds that Johnson's claims warrant no relief. The undersigned so finds for the following reasons.

I. Withholding exculpatory evidence. Johnson maintains that the prosecution withheld exculpatory evidence when videotapes of the Shell station and EZ Mart robberies were not provided to the defense prior to his guilty plea.[2] In Mark v. Ault, 498 F.3d 775, 783 (8th Cir. 2007), the Court of Appeals stated the following with respect to such a claim:

> Well-settled United States Supreme Court precedent teaches that due process is violated where the state suppresses evidence that is favorable to the accused and is material to the issue of guilt or punishment. Brady, 373 U.S. at 87, 83 S.Ct. 1194. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.E.2d 481 (1985). A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. Id. ...

Applying the law to this claim, the undersigned begins by noting that Johnson has failed to show that the videotapes even existed. He speculates that they must have, noting that a Shell station and an EZ Mart would have undoubtedly had video recording equipment in use. He has offered nothing, though, to substantiate his assertion. Assuming the videotapes existed, he has offered nothing more than conjecture as to the events they depict and invites the undersigned to embrace his summary of what those events are. The undersigned has no idea what is depicted on the videotapes, and there is no evidence the videotapes contain exculpatory evidence. Assuming the

---

[2] Johnson maintains that he raised the claim in his post-conviction petition. The undersigned has some question whether he adequately did so. Rather than wrestle with that question, the undersigned will simply address the merits of the claim. See Dodge v. Robinson, 625 F.3d 1014 (8th Cir. 2010) (procedural bar issue should ordinarily be resolved first, but judicial economy sometimes dictates reaching merits first).

videotapes contain exculpatory evidence, a guilty plea generally waives all "pre-plea" constitutional violations. See Whitepipe v. Weber, 536 F.Supp.2d 1070, 1082 (D.S.D. 2007). The general rule, i.e., most constitutional violations are waived by a guilty plea, appears to include the prosecution's failure to disclose exculpatory evidence. See Carter v. Hobbs, 2013 WL 1668988 (E.D.Ark. 2013) (Ray, J.), report and recommendation adopted at 2013 WL 1663248 (Moody, J.). Thus, when Johnson pleaded guilty, he waived his right to challenge the prosecution's failure to disclose the exculpatory evidence in the forms of the videotapes.

II. Ineffective assistance of counsel. Johnson next maintains that his trial attorney was ineffective because counsel failed to review videotapes of the two robberies; because counsel failed to move to withdraw Johnson's guilty plea on the ground that the videotapes exonerated him; and because counsel coerced Johnson into pleading guilty, suggesting that Johnson would "most likely not receive more than a fifteen year sentence."[3] Johnson's claim is governed by Strickland v. Washington, 466 U.S. 668, 689 (1984), which requires a two-part showing, and requires the undersigned to "indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." Johnson must first show that counsel's performance fell below an objective standard of reasonableness. See White v. Dingle, 757 F.3d 750 (8th Cir. 2014). Johnson must also show prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the trial would have been different. See Id.

---

[3] Johnson maintains that he raised the claim in his post-conviction petition. The undersigned has some question whether he adequately did so. Rather than wrestle with that question, the undersigned will simply address the merits of the claim.

7

With respect to counsel's alleged failure to review the videotapes of the two robberies, Johnson has failed to show that the videotapes even existed. Assuming they did, he has offered nothing more than speculation as to the events they depict, and there is no evidence they contain exculpatory evidence.

With respect to counsel's alleged failure to move to withdraw Johnson's guilty plea, Johnson has failed to show that there was a basis for making such a request. He repeatedly maintains that the videotapes exonerate him, and counsel should have built his request on the exculpatory evidence allegedly depicted on the videotapes. As the undersigned has found, though, Johnson has failed to show that the videotapes exist, has failed to show what they actually depict, or that they contain exculpatory evidence.

With respect to counsel allegedly compelling Johnson to plead guilty, the record conclusively establishes otherwise. In a colloquy with Johnson, the state trial court judge determined that Johnson understood the range of punishment, understood that he was waiving his constitutional rights by pleading guilty, understood the charges against him, had conferred with his attorney and was satisfied with counsel's services, and was not pleading guilty because of any force, threat, or promise apart from the terms of a plea agreement. See Docket Entry 11, Exhibit 1 at CM/ECF 2. Johnson also admitted that there was a factual basis for his guilty plea, admitting that the following did in fact occur:

> ... on or about May 21, 2014, [Johnson], while resisting apprehension immediately after committing a theft, did employ physical force upon ...., an agent of Shell.
>
> Also on May 27, 2014, [Johnson], while resisting apprehension immediately after committing a theft, did employ physical force on ..., an agent of E-Z Mart.

8

See Docket Entry 11, Exhibit 1 at CM/ECF 3. Solemn declarations in open court carry a strong presumption of verity, see Blackledge v. Allison, 431 U.S. 63 (1977), and Johnson has failed to overcome that presumption.

Johnson alleges that he only pleaded guilty because he was told he would "most likely not receive more than a fifteen year sentence." Although it is entirely possible he was told such a thing, the record reflects that the following exchange occurred during the change of plea hearing:

> THE COURT: Do you realized I'm not required to carry out any understanding between you, your attorney, and the prosecuting attorney and that the power of sentence is with the court only?
>
> JOHNSON: Yes, sir.

See Docket Entry 11, Exhibit 1 at CM/ECF 3. Given Johnson's answer, he cannot now complain about any prior impression or understanding he had about a possible sentence.

III. STATE TRIAL COURT ERROR. Johnson next maintains that the state trial court judge committed error when he refused to allow Johnson to obtain new counsel and denied Johnson's request to withdraw his guilty plea.[4] His claim warrants no relief for two reasons. First, Johnson had no basis for requesting new counsel and, in fact, acknowledged at the change of plea hearing that he was satisfied with his trial attorney. Second, Johnson had no basis for asking that his guilty plea be withdrawn. He repeatedly points to the videotapes as grounds for withdrawing his guilty plea. Assuming they even exist, there is nothing to suggest they exonerate him.

---

[4] The undersigned has some question whether Johnson raised the claim in his post-conviction petition. Rather than wrestle with that question, the undersigned will simply address the merits of the claim.

IV. ACTUAL INNOCENCE. Johnson last maintains that he is actually innocent because his conduct at the Shell station and EZ Mart did not constitute robbery but instead amounted to misdemeanor shoplifting.[5] His claim warrants no relief because he admitted in open court that there was a factual basis for his guilty plea. Specifically, he admitting that while resisting apprehension immediately after committing a theft at the Shell station and the EZ Mart, he employed physical force on agents of the Shell station and EZ Mart.

RECOMMENDATION. For the foregoing reasons, the undersigned finds that Johnson's claims warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied.

DATED this 14th day of June, 2017.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] The undersigned has some question whether Johnson raised the claim in his post-conviction petition. Rather than wrestle with that question, the undersigned will simply address the merits of the claim.